1  PHILLIP A. TALBERT
   Acting United States Attorney
2  MATTHEW THUESEN
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,            CASE NO.  2:21-cr-50 TLN

12                      Plaintiff,       STIPULATION REGARDING USE OF
                                         VIDEOCONFERENCING DURING CHANGE OF
13            v.                         PLEA HEARING; FINDINGS AND ORDER

14  LIANA KARAPETYAN,                    DATE: April 22, 2021
                                         TIME: 9:30 a.m.
15                      Defendant.       COURT: Hon. Troy L. Nunley

16

17                          **BACKGROUND**

18        On March 2, 2021, the United States filed an information charging defendant Liana Karapetyan

19  with one count of conspiracy to pay and receive health care kickbacks, in violation of 18 U.S.C. § 371.

20  A change of plea hearing in this matter is scheduled for April 22, 2021.

21        On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act

22  ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief

23  District Judges to authorize plea and sentencing hearings by video or telephonic conference when

24  1) such hearings "cannot be conducted in person without seriously jeopardizing public health and

25  safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or

26  sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*,

27  Pub. L. 116-23 § 15002(b)(2). It also empowered Chief District Court Judges to authorize arraignments

28  by video or teleconference. *Id.*, § 15002(b)(1).

STIPULATION REGARDING HEARING                    1

1    On March 29, 2020, the Judicial Conference of the United States made the findings required by

2    the CARES Act, concluding that "emergency conditions due to the national emergency declared by the

3    President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the

4    Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the

5    functioning of the federal courts generally."

6    On April 2, 2021, for the reasons set forth in General Orders Nos. 610, 611, 612, 613, 614, 615,

7    616, 617, 618, 620, 621, 624, and 628, the Chief Judge of this District, per General Order 630, also

8    made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of

9    Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure

10   generally still cannot be conducted in person in this district without seriously jeopardizing public health

11   and safety." Accordingly, the findings of the Judicial Conference and General Order 630 establish that

12   plea and sentencing hearings cannot safely take place in person.

13   In order to authorize change of plea hearings by remote means, however, the CARES Act—as

14   implemented by General Order 630—also requires district courts in individual cases to "find, for

15   specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without

16   serious harm to the interests of justice." General Order 630 further requires that the defendant consent to

17   remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless

18   "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by

19   teleconference.

20   The parties hereby stipulate and agree that each of the requirements of the CARES Act and

21   General Order 630 have been satisfied in this case. They request that the Court enter an order making

22   the specific findings required by the CARES Act and General Order 630. Specifically, for the reasons

23   further set forth below, the parties agree that:

24   1)    The change of plea hearing in this case cannot be further delayed without serious harm to

25   the interest of justice, given the public health restrictions on physical contact and court closures existing

26   in the Eastern District of California, the fact that the parties have reached a plea agreement to resolve

27   this case, and the backlog of cases that is likely to increase in this District if criminal matters do not

28   proceed by videoconference when the defendant consents and resolution has been reached between the

STIPULATION REGARDING HEARING                          2

1  parties; and

2      2)      The defendant waives her physical presence at the change of plea hearing and consents to

3  remote hearing by videoconference. Counsel joins in that waiver.

4                                          **STIPULATION**

5      Plaintiff United States of America, by and through its counsel of record, and defendant, by and

6  through defendant's counsel of record, hereby stipulate as follows:

7      1.      The Governor of the State of California declared a Proclamation of a State of Emergency

8  to exist in California on March 4, 2020.

9      2.      On March 13, 2020, the President of the United States issued a proclamation declaring a

10 National Emergency in response to the COVID-19 pandemic.

11     3.      In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and

12 other public health authorities have suggested the public avoid social gatherings in groups of more than

13 10 people and practice physical distancing (within about six feet) between individuals to potentially

14 slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact, and

15 vaccines have not been widely distributed to the general population.

16     4.      On March 17, 2020, this Court issued General Order 611, noting the President's and

17 Governor of California's emergency declarations and CDC guidance, and indicating that public health

18 authorities within the Eastern District had taken measures to limit the size of gatherings and practice

19 social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to

20 commence before May 1, 2020.

21     5.      On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial

22 emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low

23 resources across its heavy caseload." The report accompanying the Judicial Council's declaration

24 analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the

25 District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in

26 weighted filings) and its shortage of judicial resources (the District is currently authorized only six

27 district judges; two of those positions are currently vacant and without nominations). The report further

28 explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its

STIPULATION REGARDING HEARING                    3

1  guidance regarding gatherings of individuals.

2      6.      On April 17, 2020, General Order 617 issued, continuing court closures through June 1,

3  2020, and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

4      7.      On May 13, 2020, General Order 618 issued, continuing court closures until further

5  notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act

6  through May 2, 2021.

7      8.      General Order Nos. 613, 614, 615, 616, 620, 621, 624, and 628 have also issued and

8  made findings and implementing temporary emergency procedures in response to the COVID–19 crisis,

9  and these General Orders either remain in effect or have been superseded by a subsequent General Order

10  extending their provisions, with General Order 628 having expired on April 4, 2021. On April 2, 2021,

11  General Order 630 issued, authorizing further continuances of hearings and exclusions under the Speedy

12  Trial Act for another 90 days unless terminated earlier.

13      9.      Given these facts, it is essential that Judges in this District resolve as many matters as

14  possible via videoconference and teleconference during the COVID-19 pandemic. By holding these

15  hearings now, this District will be in a better position to work through the backlog of criminal and civil

16  matters once in-person hearings resume.

17      10.      The change of plea hearing in this case accordingly cannot be further delayed without

18  serious harm to the interests of justice. If the Court were to delay this hearing until it can be held in-

19  person, it only would add to the enormous backlog of criminal and civil matters facing this Court and

20  every Judge in this District, when normal operations resume.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

STIPULATION REGARDING HEARING

4

11.     Under CARES Act § 15002(b), defendant consents to proceed with the change of plea hearing by videoconference. Counsel joins in this consent.

IT IS SO STIPULATED.

Dated:  April 20, 2021                                  PHILLIP A. TALBERT
                                                        Acting United States Attorney


                                                        /s/ Matthew Thuesen
                                                        MATTHEW THUESEN
                                                        Assistant United States Attorney


Dated:  April 20, 2021                                  /s/ John R. Duree, Jr.
                                                        JOHN R. DUREE, JR.
                                                        Counsel for Defendant
                                                        Liana Karapetyan


## FINDINGS AND ORDER

1.     The Court adopts the findings above.

2.     Further, the Court specifically finds that:

       a)      The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice; and

       b)      The defendant has waived her physical presence at the change of plea hearing and consents to remote hearing by videoconference.

3.     Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 630, the change of plea hearing in this case will be conducted by videoconference.


IT IS SO FOUND AND ORDERED this 21st day of April, 2021.


                                                        Troy L. Nunley
                                                        United States District Judge


STIPULATION REGARDING HEARING                    5